UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRICIA MARTINEZ,

    Plaintiff,

v.

RICH WOLOWSKI, et al.,

    Defendants

                              /

Case No. 2:22-cv-00083

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro Se* Plaintiff Tricia Martinez filed this civil rights action against the following three Defendants: Rich Wolowski, Chief Executive Officer of Gordon Food Service; Ted Finco, Store Manager of Gordon Food Service; and Doug Bordeau, Assistant Manager of Gordon Food Service. The first sentence of Martinez's 32-page complaint notes that she sues Defendants for:

> intentional and purposeful deprivation of Plaintiff's rights, criminal actions and forcing of non-consensual medical intervention without a license. Defendant's acting with joint participation with the State of Michigan engaged in a conspiracy to deprive Plaintiff of her federally protected God-given rights as store manager's and CEO of Gordon Food.

(ECF No. 1, PageID.1.) Martinez's complaint initially reads as a protest against the requirement to wear a mask inside the Gordon Food Service store during the COVID-19 pandemic. Clearly, Martinez does not believe that masks offer protection from COVID-19. In fact, pages 2 through 17 of her complaint are a critique of the

1

government's response to the COVID-19 pandemic. But a close reading of her complaint discloses that Martinez is really complaining that Defendants used a state-authorized mask mandate to kick her out of the store and had her arrested by Deputy Sheriffs in the Gordon Food Service parking lot for driving under the influence of alcohol.

Martinez sues Defendants under 42 U.S.C. § 1983. Her complaint identifies each Defendant as an employee of Gordon Food Service. (ECF No. 1, PageID.2.) A Section 1983 plaintiff must allege that a defendant acted under color of state law. Martinez asserts, however, that Defendants conspired with the State of Michigan by using an alleged state mask mandate to trigger her arrest. This, she claims, indicates that Defendants acted under color of state law. Martinez's speculative and conclusory claims fail state a claim under Section 1983, first, because her claims fail to allege facts showing that Defendants were acting under color of state law. In addition, Martinez has failed to make factual allegations necessary to support a conspiracy theory. Thus, Martinez's complaint fails to state a claim on which relief may be granted.

**II. Factual Allegations**

Martinez devotes many pages in her complaint to a critique of the government's COVID-19 policies. (ECF No. 1, PageID.2-18.) She questions whether COVID-19 has even caused a pandemic by asserting that there are fewer COVID-19 cases than flu cases worldwide. (ECF No. 1, PageID.3.) She further alleges that the United States has artificially inflated COVID-19 numbers. (*Id.*) She states that

predictions of 1 to 2 million American deaths were false, and that the Center for Disease Control (CDC) hid the truth. (*Id.*, PageID.3-4.) Martinez says that no proper test has been developed to detect COVID-19 and that there are a high number of false positive results. (*Id.*, PageID.4.)

Martinez says that "incentives" were given to classify deaths as "Covid deaths." (*Id.*, PageID.6.) Martinez says that individuals who died from gunshot wounds were counted as dying from Covid. (*Id.*) Martinez says that there are several better treatment options beside vaccines, such as Hydroxychloroquine, Ivermectin, Budesonide, Zinc, and Vitamin D. (*Id.*, PageID.7.) Martinez believes that research has indicated that if everyone took Vitamin D before the beginning of the "pandemic", nearly all Covid deaths could have been prevented. (*Id.*) In fact, Martinez says that the Covid vaccines are not really vaccines but gene therapies and are only being pushed for profits. (*Id.*)

Martinez asserts that governors from several states issued executive orders during the "pandemic", but those orders did not have the force of law, which caused much confusion.[1] (ECF No. 1, PageID.9.) For instance, at the local Menards, a sign on the door stated: "According to Michigan State law masks are required." (*Id.*)

---

[1] To provide some background, in April of 2020, Michigan Governor Gretchen Witmer imposed a statewide mask mandate in response to the COVID-19 pandemic. On October 2, 2020, the Michigan Supreme Court held that the mask mandate violated the Michigan Constitution through the exercise of legislative power by the executive branch. *In re Certified Questions*, 958 N.W.2d 1, 24, 31 n.25 (Mich. 2020). One week later, the Michigan Department of Human Health imposed a mask mandate which required masks in public settings. That mandate was revised several times, until it was rescinded in June of 2021. *Resurrection School v. Hertel*, 35 F.4th 524. 528 (6th Cir. 2022).

Martinez believes that the vaccines are unsafe, and that natural immunity is better than any protection that the vaccines could give. (*Id.*, Page11-13.) Martinez states that widespread use of cloth masks and reusable surgical masks do not prevent Covid infection and are generally useless. (*Id.*, PageID.14.) In fact, it is Martinez's belief that masks are harmful. (*Id.*, PageID.16-18). Of course, none of these allegations have anything to do with the named Defendants.

With that background, Martinez says that she entered the Gordon Food Services store on April 21, 2021, at approximately 1:00 P.M. (*Id.*, PageID.18.) She says that she was approached by Doug Bordeau, who was holding a box of masks. (*Id.*) Bordeau asked her to wear a mask inside the store. (*Id.*) Ted Finco, who was wearing a mask that was not covering his nose, also approached and asked her to wear a mask. (*Id.*) This made Martinez feel uncomfortable. (*Id.*) Martinez says that Defendants told her to leave the store and make a curbside purchase that would be delivered to her vehicle. (*Id.*)

After about ten minutes, Defendant Bordeau delivered her order. (*Id.*) She paid in cash and waited another ten minutes for change. (*Id.*, PageID.19.) As she started to back out of the parking space, a Sheriff's Department vehicle blocked her vehicle. She was told that Gordon Food Service employees had called the Sheriff's Department because she was too drunk to drive. (*Id.*) Martinez says she was arrested by Marquette County Sheriff deputies but was not advised of her *Miranda* rights. (*Id.*) Martinez's complaint does not indicate whether she was convicted of driving while under the influence.

Martinez asserts that Defendants acted in concert with the State of Michigan to enforce a mask requirement at Gordon Food Service. (*Id.*) Page 1 of her complaint alleges a conspiracy between the State of Michigan and Defendants. Martinez says that Defendants, private store employees, acted under color of law by participating in the State of Michigan mask requirement, which she says was illegal. (*Id.*, PageID.19-20.) Martinez says that her due process rights were violated because she was refused service without wearing a mask. (*Id.*, PageID.20-22.) Martinez asserts violations of her rights under the Equal Protection Clause of the Fourteenth Amendment and her right to privacy and to breathe freely. (*Id.*, PageID.22-23.) She also accuses Defendants of practicing medicine without a license.[2] (*Id.*)

Martinez asks this Court to declare mask mandates unconstitutional and to award her damages of $450,000.00. She also requests that the Court impanel a Grand Jury and to bring criminal charges against Defendants.

### III. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on

---

[2]   The Complaint lists the following specific claims: Claim One, violation of procedural due process (ECF No. 1, PageID.20); Claim Two, violation of substantive due process (*id.*, PageID.21); Claim Three, violation of the equal protection clause of the Fourteenth Amendment (*id.*, PageID.22); Claim Four, violation of the Ninth Amendment right to privacy and to breathe freely (*id.*, PageID.23); Claim Five, practicing medicine without a license, in violation of state law (*id.*, PageID.24); and Claim Six, violation of the separation of powers principle in the Federal and State constitutions (*id.*, PageID.26).

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). Furthermore, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Id. at 679 (quoting Fed. R. Civ. P. 8).

In addition, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by

6

material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). However, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### IV. Plaintiff's Claims Are Conclusory and Must Be Dismissed

As an initial matter, Martinez fails to explain how Defendant Wolowski was involved in her claimed deprivation of rights. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their

7

involvement in the events leading to his injuries."). Martinez's complaint makes some factual allegations against Defendants Bordeau and Finco (*see* ECF No. 1, PageID.18-19 (alleging that Bordeau and Finco asked Martinez to wear and mask and asked her to leave the store)) but fails to explain how Defendant Wolowski was involved in her claimed deprivation of rights. Accordingly, Martinez fails to state a claim against Wolowski.

Second, Martinez fails to make factual allegations indicating that any of the Defendants acted under color of state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, a plaintiff bringing suit under § 1983 must identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint identifies Defendants as employees of a retail store. (ECF No. 1, PageID.2.) Where the defendants are not state officials, their conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the

government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally, Lugar, 457 U.S. at 936–39 (discussing three tests).*

Martinez's allegation that Defendants acted in concert with the State of Michigan by enforcing the State-wide mask mandate is not enough to turn private actors into state actors. "Requiring private actors to follow statutory mandates, even if they're 'extensive,' doesn't transform them into public servants." *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 755 (6th Cir. 2020) *citing S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 544 (1987) and *Jackson*, 419 U.S. at 350. In the opinion of the undersigned, Martinez's claim that Defendants were acting in concert with the State of Michigan is speculative, conclusory, and not supported by specific factual allegations. Martinez's allegation that Defendants acted in concert with the State of Michigan to enforce the mask mandate is no different than if she would have alleged that the Defendants acted in concert with the State of Michigan by reporting her intoxication to the Sheriff's Department. Dismissal of a complaint brought against private store employees under 42 U.S.C §1983 is appropriate where a plaintiff fails to allege any circumstances establishing that Defendants were acting under color of state law. *Ragesdale v. Macy's Dept. Store*,

9

2011 WL 573594, *3 (W.D. Mich., Jan. 20, 2011) (private store security officers were not state actors); *Jones v. Jenkins*, 2021 WL 4472794 (W.D. Mich., Sept. 30, 2021) (*order adopting R&R*), 2021 WL 5019814, *4 (W.D. Mich., July 7, 2021) (*R&R*) (private store employees not state actors). Martinez's claims fail as a matter of law.[3]

Third, Martinez has also failed to allege facts demonstrating a conspiracy between the State of Michigan and the Defendants.

## V. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint for a failure to state a claim. If the Court accepts this recommendation, the case will be dismissed.

Dated:  October 4, 2022                                   /s/ *Maarten Vermaat*
                                                          MAARTEN VERMAAT
                                                          U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[3]     Ironically, Martinez does not assert any claims against Defendants for their actions in reporting to the Sheriff's Department that she was too drunk to drive. Her arrest for driving while intoxicated likely had significant consequences for her, unlike her allegations that she was told to wear a mask inside a store. Both claims are equally flawed.

10